UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ESPERANZA SEGEADA | § |
| | § |
| V. | § CIVIL ACTION NO. _____ |
| | § |
| MANDEEP SINGH AND ABJ HAULER | § |
| INC. | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, Esperanza Segeada ("Plaintiff"), and files her Original Complaint complaining of Mandeep Singh and ABJ Hauler Inc. ("Defendants"), and in support thereof would show as follows:

## I. NATURE OF THE CASE

1. Plaintiff and Defendant Singh were involved in a serious collision in Jefferson County, Texas while Defendant Singh was driving an 18-wheeler. This suit is against the driver, Mandeep Singh and his employer, ABJ Hauler, Inc.

## II. PARTIES

2. Plaintiff, Esperanza Segeada, is an individual residing in Jefferson County, Texas.

3. Defendant, Mandeep Singh, is an individual residing in Greeley, CO and may be served with citation at his residence located at 1240 28th Ave., Apt 3A Greeley, CO 80634, or wherever he may be found.

4. Defendant, ABJ Hauler Inc., is a for-profit corporation incorporated under the laws of the State of California with its headquarters located at 3534 W. Franklin Ave. Fresno, California.

Defendant ABJ Hauler, Inc. may be served through its registered agent, Kawal Narain Singh, at 3661 W. Shields Ave. Apt 216 Fresno, California, or wherever he may be found.

### III. JURISDICTION

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

6. The Court has personal jurisdiction over Defendant ABJ Hauler, Inc. because it routinely and regularly transact business in Texas. Moreover, this action arises out of a wreck that occurred while Defendants were driving an 18-wheeler in Jefferson County, Texas giving rise to specific personal jurisdiction.

### IV. VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts, events, or omissions giving rise to this claim occurred in Jefferson County, Texas, which falls within the United States District Court for the Eastern District of Texas, Beaumont Division.

### V. CONDITIONS PRECEDENT

8. All conditions precedent have been performed or occurred.

### VI. FACTUAL BACKGROUND

9. On or about October 26, 2022, at approximately 4:55 p.m., Plaintiff Esperanza Segeada and Mandeep Singh were traveling down Interstate 10 in Jefferson County, Texas. Ms. Segeada stopped because of traffic in front of her. Defendant Mandeep Singh driving an 18-wheeler, failed to control his speed and struck Ms. Segeada's vehicle from behind. The collision resulted in Plaintiff suffering serious bodily injuries and damages.

10. The collision was caused by one or more negligent acts and/or omissions on the part of the Defendants. The negligent acts were the proximate cause of Plaintiff's serious and debilitating personal injuries. The collision and all damages and injuries resulting therefrom were not caused by or contributed to by Plaintiff or an innocent third party; nor did same occur through any fault or negligence on the part of Plaintiff, but were caused solely by the acts, wrongs, and/or omissions of the Defendants, which said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages sustained by Plaintiff.

## VII.  CAUSES OF ACTION

### A. Negligence

11. Defendants are liable for Plaintiff's injuries and damages because of numerous negligent acts and omissions by Defendants; including, but not limited to the following:

   a. In failing to operate a motor vehicle at a speed that was reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

   b. In failing to maintain a safe distance between the motor vehicle he was operating and other vehicles, including Plaintiff's;

   c. In failing to maintain a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

   d. In failing to stay alert;

   e. In failing to properly and timely apply the brakes;

   f. In failing to turn, swerve, or otherwise maneuver his vehicle in order to avoid the collision;

   g. In failing to maintain proper control of his vehicle;

   h. In failing to control the speed of his truck; and

   i. Various other acts of negligence and negligence per se to be specified at the time of trial.

12. Each of these acts and omissions, singularly, or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and the Plaintiff's injuries and damages.

### B. Negligence Per se

13. In addition to other counts of negligence described above, Defendant Mandeep Singh violated the following sections of the Texas Transportation Code, which caused this collision:

    a.    § 545.062(a) (failing to maintain safe distance between vehicles);

    b.    § 545.351(a) (driving at a speed greater than is reasonable and prudent under the circumstances then existing);

    c.    § 545.351(b)(1) (driving a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing); and

    d.    § 545.351(b)(2) (failure to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering a highway).

### C. Respondeat Superior

14. At all times relevant, Defendant Mandeep Singh was an employee of ABJ Hauler Inc. and was in the course and scope of his employment. When the crash occurred, Defendant Mandeep Singh, was driving a company vehicle and was in the furtherance of his employer's business. As such, Defendant ABJ Hauler Inc. is liable for the negligence of Defendant Mandeep Singh.

## VIII. DAMAGES

15. Plaintiff adopts and incorporates the facts and allegations contained in the foregoing paragraphs of this petition. As a result of the injuries sustained by Plaintiff due to the collision made the basis of this suit, Plaintiff hereby sues for the following items of damage:

    a.    Physical pain and suffering in the past;

    b.    Physical pain and suffering the Plaintiff will experience in the future;

    c.    Mental anguish suffered in the past;

    d.    Mental anguish the Plaintiff will experience in the future;

    e.    Medical expenses incurred in the past;

    f.    Medical expenses the Plaintiff will incur in the future;

    g.    Physical impairment suffered in the past;

    h.    Physical impairment the Plaintiff will suffer in the future; and

    i.    Loss of quality of life.

16.    By reason of the facts hereinabove alleged, Plaintiff has suffered and sustained at the hands of the Defendants damages within the jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial.

## IX.
## PREJUDGMENT, POST JUDGMENT INTEREST, AND COURT COSTS

17.    Plaintiff hereby adopts, incorporates, restates and re-alleges the proceeding paragraphs.

18.    Plaintiff seeks to recover the maximum amount of prejudgment and post judgment interest allowed by law.

19.    Plaintiff seeks to recover his Court costs.

## X.
## RELIEF REQUESTED

20.    The preceding factual statements and allegations are incorporated by reference.

21.    For these reasons, Plaintiff prays for judgment against Defendants for the following:

    a. Actual damages

    b. Pre-judgment and post-judgment interest;

    c. Attorney's fees and expenses;

    d. Costs of court; and

    e. Such other and further relief as the Court deems just and equitable.

## XI.
## DEMAND FOR JURY TRIAL

22. Plaintiff demands a jury trial and has tendered the appropriate fee.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants, Mandeep Singh and ABJ Hauler Inc., be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against Defendants for actual damages, prejudgment and post judgment interest, and costs. Plaintiff further prays for such other and further relief, at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE BERNSEN LAW FIRM

*/s/ Cade Bernsen*
David Bernsen
State Bar No. 02217500
dbernsen@bernsenlaw.com
Cade Bernsen
State Bar No. 24073918
cbernsen@bernsenlaw.com
Jamie Matuska
State Bar No. 24051062
jmatuska@bernsenlaw.com
420 MLK Jr. Parkway
Beaumont, Texas 77701
(409) 212-9994
(409) 212-9411 facsimile

ATTORNEYS FOR PLAINTIFFS